**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELENA FRIDMAN, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | 1:13-cv-03094 |
| Plaintiff, | ) | Judge Norgle |
| | ) | |
| vs. | ) | |
| | ) | |
| NYCB MORTGAGE COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress for improper mortgage servicing practices, in violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Regulation Z, 12 C.F.R. part 1026. Defendant, as a matter of standard practice, refuses to credit electronic payments as of the date of receipt, as required by TILA provisions intended to curb abuse by mortgage servicers such as defendant.

### PARTIES

2. Plaintiff Elena Fridman is a resident of the Northern District of Illinois.

3. Defendant NYCB Mortgage Company, LLC is a limited liability company organized under Delaware law with its principal place of business at 1801 East 9th Street, Cleveland, OH 44114. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

4. NYCB Mortgage Company, LLC is engaged in the business of servicing residential mortgages. According to the annual report for the year ending December 31, 2012 on SEC Form 10-K filed by its parent New York Community Bancorp, it originates over $10 billion/ year in residential mortgage loans, most of which are sold with servicing retained. (Original pages 10, 12)

## FACTS

5. Plaintiff is the borrower on a mortgage loan secured by her principal residence that is serviced by defendant.

6. On Thursday, December 13, 2012, at about 8:00 p.m., plaintiff made an online payment on her mortgage loan.

7. Defendant had invited payments made in that manner, as shown by <u>Exhibit A</u>.

8. Defendant did not credit the payment to plaintiff's account until Monday, December 17, 2012.

9. Defendant then assessed a late charge against plaintiff for making the payment after December 16, 2012. (<u>Exhibit A</u>)

10. Defendant claims that it sent a notice to its customers announcing that "Effective August 2012, all payments processed through our telephone or web service will be posted to your loan account on the second business day after your payment request." (<u>Exhibit B</u>) Plaintiff does not recall such a notice but the notice does state defendant's policy and practice.

## VIOLATION ALLEGED

11. Even if the December 13, 2012 payment was made after the deadline for receiving payments that day, defendant was required to credit plaintiff with the payment as of Friday, December 14, 2012.

12. Regulation Z, 12 C.F.R. §1026.36, provides:

> **§ 1026.36 Prohibited acts or practices in connection with credit secured by a dwelling.**
>
> **. . . (c) Servicing practices. (1) In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall:**
>
> > **(i) Fail to credit a payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, or except as provided in paragraph (c)(2) of this section; . . .**
>
> **(2) If a servicer specifies in writing requirements for the consumer to follow in making payments, but accepts a payment that does not conform to the**

> **requirements, the servicer shall credit the payment as of 5 days after receipt.**
>
> **(3) For purposes of this paragraph (c), the terms "servicer" and "servicing" have the same meanings as provided in 12 CFR 1024.2(b), as amended.**

13. The Official Interpretations implementing 12 C.F.R. §1026.36, which are a regulation issued pursuant to notice and comment rulemaking and have the force and effect of law, state:

> **Paragraph 36(c)(2)**
>
> **1.** *Payment requirements*. **The servicer may specify reasonable requirements for making payments in writing, such as requiring that payments be accompanied by the account number or payment coupon; setting a cut-off hour for payment to be received, or setting different hours for payment by mail and payments made in person; specifying that only checks or money orders should be sent by mail; specifying that payment is to be made in U.S. dollars; or specifying one particular address for receiving payments, such as a post office box. The servicer may be prohibited, however, from requiring payment solely by preauthorized electronic fund transfer. (** *See* **Section 913 of the Electronic Fund Transfer Act, 15 U.S.C. 1693k.)**
>
> **2.** *Payment requirements—limitations*. **Requirements for making payments must be reasonable; it should not be difficult for most consumers to make conforming payments. For example, it would be reasonable to require a cut-off time of 5 p.m. for receipt of a mailed check at the location specified by the servicer for receipt of such check.**
>
> **3.** *Implied guidelines for payments*. **In the absence of specified requirements for making payments, payments may be made at any location where the servicer conducts business; any time during the servicer's normal business hours; and by cash, money order, draft, or other similar instrument in properly negotiable form, or by electronic fund transfer if the servicer and consumer have so agreed.**

14. This is simply a statement that NYCB does not see fit to comply with Regulation Z. It is not a reasonable requirement comparable to requiring that payments be accompanied by the account number. It effectively makes it impossible for borrowers to use such modern methods and avoid incurring late fees. It is precisely the type of servicing abuse that was intended to be prohibited.

15. Defendant's handling of plaintiff's payment, and defendant's policy and practice pursuant to which plaintiff's payment was handled (Exhibit B), failed to comply with 12 C.F.R. §1026.36 and the Official Interpretation, and thus violated the Truth in Lending Act.

3

## CLASS ALLEGATIONS

16. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

17. The class consists of (a) all individuals (b) whose payments were not processed by defendant as of the date of receipt (c) pursuant to defendant's stated policy (Exhibit B) (d) which payment was made on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

18. On information and belief, based on the size of defendant and the use of a form letter to implement defendant's policy (Exhibit B), the class is so numerous that joinder of all members is not practicable.

19. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant's policy as stated in Exhibit B is inconsistent with Regulation Z and the Official Interpretation;

    b. Whether defendant's policy violates TILA.

20. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

21. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and TILA litigation.

22. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement

mechanism under TILA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (a)    Statutory damages;

    (b)    Actual damages, including all late fees and other charges imposed as a result of not crediting payments on time;

    (c)    Attorney's fees, litigation expenses and costs of suit;

    (d)    Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                    /s/ Daniel A. Edelman
                                    Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

# EXHIBIT A

Amount Due $1,859.52
*If payment is received after 01/16/13, pay $1,948.06*

 8-717-48433-0003915-001-1-000-010-000-000

ELENA FRIDMAN
55 COUNTRY LN
HIGHLAND PARK IL 60035-4313

Visit our website at:
www.amtrust.com

Customer Service
1-888-696-4444

## LOAN SUMMARY

| | |
|---|---|
| Property Address: | 55 COUNTRY LN<br>HIGHLAND PARK IL 60035 |
| Interest Rate | 4.2500% |
| Principal Balance** | $354,446.56 |
| Escrow Balance | $0.00 |
| Suspense/Unapplied | $0.00 |

YEAR-TO-DATE
| | |
|---|---|
| Interest Paid | $13,927.34 |
| Taxes Paid | $0.00 |

** This is NOT the amount to payoff your loan.

## PAYMENT INFORMATION

| | |
|---|---|
| Payment Due Date | 01/01/13 |
| Principal & Interest | $1,770.98 |
| Escrow Payment | $0.00 |
| Optional Insurance | $0.00 |
| Buydown/Prepaid Amounts | $0.00 |
| Payment Due | $1,770.98 |
| Unpaid Late Charges/Fees | $88.54 |
| Past Due Amounts | $0.00 |
| TOTAL AMOUNT DUE | $1,859.52 |

## ACTIVITY SINCE LAST STATEMENT

| TRAN DATE | DESCRIPTION | INTEREST | PRINCIPAL | ESCROW | OPTIONAL INSURANCE | MISC FEES | LATE CHARGE /OTHER | TOTAL TRANSACTION |
|---|---|---|---|---|---|---|---|---|
| 12/18/12 | Mortgage Payment | $1,257.15 | $513.83 | $0.00 | $0.00 | $0.00 | $0.00 | $1,770.98 |

### IMPORTANT MESSAGES

Your mortgage payment made easy
You have access to make your mortgage payment ANYTIME, at your convenience. Choose the option that best fits you.
Call our Automated Voice Response Unit (888) 696-4444
Or visit our website at amtrust.com to make your payment electronically.

▼ PLEASE DETACH AT PERFORATION AND RETURN BOTTOM PORTION WITH PAYMENT ▼

| LOAN NUMBER | DUE DATE | PAYMENT DUE | PAST DUE AMOUNTS | TOTAL AMOUNT DUE | IF RECEIVED AFTER | PAYMENT DUE |
|---|---|---|---|---|---|---|
| XXXXXX7058 | 01/01/13 | $1,770.98 | $88.54 | $1,859.52 | 01/16 | $1,948.06 |

ELENA FRIDMAN

NYCB MORTGAGE COMPANY, LLC

☐ Check here if address and/or phone number changes have been indicated on reverse side.

Make check or money order payable to:

# EXHIBIT B

1801 East Ninth St., Suite 200  
Cleveland, Ohio 44114

June 15, 2012

**REDACTED**

0-717-4766B-0011369-001-01-000-000-000-000
ELENA FRIDMAN


**IMPORTANT INFORMATION**

Dear Elena Fridman:

Our Records indicate that at least once this year you have made your monthly mortgage or Home Equity Line of Credit payment using our telephone or web service.

Effective August, 2012, all payments processed through our telephone or web service will be posted to your loan account on the second business day after your payment request. If you are trying to ensure your payment is credited to your account before late charges are incurred, we will need advance notification of at least two business days prior to the intended payment posting date.

For example:
1. Suppose your due date is the 1st of the month. Your payment must be posted to your loan on or before the 16th of the month to avoid a late charge; therefore you will have to submit your payment request no later than 8:00 PM Eastern Time on the 14th; assuming the 14th, 15th, and 16th are business days. A request for transfer from your financial institution will be initiated the day you submit your payment request. If we receive your payment request after 8:00 PM Eastern Time on the 14th, a request for transfer from your financial institution will be initiated on the next business day, the 15th, and your payment will post on the 17th, incurring a late charge.

Business days are Monday - Friday (8:00 PM eastern is the end of the day) excluding federal holidays.

A Customer Contact Center Representative is available at 1-888-696-4444 should you have any questions, and please remember this change is effective August, 2012.

Thank you for your business.

Sincerely,


Donna Wilson
Senior Vice President