UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELENA FRIDMAN, | ) | |
| on behalf of plaintiff and a class, | ) | 1:13-cv-03094 |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Brown |
| NYCB MORTGAGE COMPANY, LLC, | ) | |
| Defendant. | ) | |

**You have received this notice because NYCB records indicate that you meet the definition of a class member in a proposed class action settlement. If the settlement is approved, class members will receive a refund or waiver of late fees for transactions within the class definition and a check for $100.**

*A Federal court authorized this notice. This is not a solicitation from a lawyer.*
*This is a notice of a settlement of a class-action lawsuit. This is <u>not</u> a notice of a lawsuit against you.*

A nationwide settlement has been reached in a class action lawsuit alleging that NYCB Mortgage Company, LLC failed to timely credit online authorizations for mortgage payments. There are approximately 2,232 class member accounts in this settlement. If the settlement is approved, class members will receive $100, along with a refund or waiver of late charges assessed for the online authorizations at issue.

**Your legal rights are affected whether you act or not. Read this notice carefully. It explains the lawsuit, the settlement, and your legal rights.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND STAY IN THE SETTLEMENT CLASS** | If you are a class member and do nothing, you will remain in the Class and be bound by all Court Orders in the case. You will receive a check for $100. Also, any late charges assessed during the class period and caused by NYCB not crediting your mortgage payment on the date you authorized an online payment request will be refunded or waived. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY _____, 2016** | You will receive no settlement benefits, but you will retain any rights you might have against NYCB. |
| **OBJECT BY _____, 2016** | Write to the Court about reasons that you are against the settlement. You must remain in the Settlement Class to comment on the settlement. |
| **GO TO A HEARING ON April 20, 2016** | Request that you be allowed to speak in Court about the fairness of the settlement. |

- **These rights and options—and the deadlines to exercise them—are explained in this notice.**

- **The Court in charge of this case still has to decide whether to give final approval to the Settlement. If it does, and after any appeals are resolved, all benefits will be distributed to Class Members. Please be patient.**

## WHAT THIS NOTICE CONTAINS

**Table of Contents**

YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT .........................................1
BASIC INFORMATION..............................................................................................................2
    1. Why did I get this notice? .................................................................................................2
    2. What is this lawsuit about? ...............................................................................................3
    3. Why is this a class action? ................................................................................................3
    4. Why is there a Settlement?................................................................................................3
WHO IS IN THE SETTLEMENT.................................................................................................3
    5. How do I know if I am a part of the Settlement?..............................................................3
THE SETTLEMENT BENEFITS .................................................................................................3
    6. What can I get from the settlement? .................................................................................3
    7. I want to be a part of the Settlement. What do I do?.........................................................4
    8. When will I receive settlement benefits? .........................................................................4
    9. What am I giving up if I remain in the Settlement?..........................................................4
EXCLUDING YOURSELF FROM THE SETTLEMENT...........................................................4
    10. How do I get out of or exclude myself from the Settlement?.........................................4
    11. If I exclude myself, what happens?.................................................................................5
THE LAWYERS REPRESENTING YOU ...................................................................................5
    12. Do I have a lawyer in this case?......................................................................................5
    13. How will the lawyers be paid?........................................................................................5
OBJECTING TO THE SETTLEMENT .......................................................................................5
    14. How do I tell the Court that I do not like the Settlement? ..............................................5
THE FAIRNESS HEARING.........................................................................................................6
    15. Where and when is the Fairness Hearing? ......................................................................6
    16. Do I have to come to the Fairness Hearing? ...................................................................7
    17. What happens if the Court does not approve the Settlement? ........................................7
    18. Where can I get additional information?.........................................................................7

## BASIC INFORMATION

**1. Why did I get this notice?**

You are receiving this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options, before the Court decides whether to give "approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights.

The United States District Court for the Northern District of Illinois is overseeing this class action lawsuit. The case is known as *Fridman v. NYCB Mortgage LLC*, No. 13-cv-3094 (N.D. Ill).

On December __, 2015, the Court granted preliminary approval of the Settlement, subject to a final hearing, which will take place on April 20, 2016 at 9:30 a.m. in the United States Courthouse, 219 South Dearborn Street, Courtroom 1812, Chicago, IL 60604, where the Court will decide if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for an award of attorney's fees and expenses, and

incentive award to Class Representative. The Court may change the date of the hearing, please check the settlement website for any date changes.

You have options, which are explained below.

### 2. What is this lawsuit about?

The plaintiff in this action (Elena Fridman) claims that NYCB failed to credit her and other class members' mortgage payments on the date that an online authorization for the payment was submitted. Plaintiff claims that NYCB's failure to credit online authorizations on the same day and imposing a late fee violates federal law, the Truth in Lending Act.

The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses that will result from further litigation. This notice is not an admission of wrongdoing by any party.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Elena Fridman) sue on behalf of a group (or a "Class") of people who have similar claims. One court resolves the issues for all Class members, except for those who exclude themselves from the Class.

### 4. Why is there a Settlement?

After the District Court originally dismissed this case, the Seventh Circuit Court of Appeals held that an online payment authorization is a payment instrument under the Truth in Lending Act ("TILA"), and that payment is received by NYCB on the date that an online payment authorization is made. However, no court has made any decision regarding the Class, or what the Class would have received if the Class had won at trial. Instead, both sides have agreed to a settlement to avoid the costs, risks, and delay of a lengthy trial and appeals process.

The attorneys for the Class believe that the settlement is fair, reasonable, and best for all Class members in light of the risk of Class members receiving less money at trial.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am a part of the Settlement?

If you received this notice regarding the settlement in the mail and it was addressed to you, it means that NYCB has already determined that you meet the Class definition and that you are a Class Member.

You are a Class Member if: (i) you made a mortgage loan payment online; (ii) at any time during the period from April 24, 2012, to May 14th, 2013; (iii) you submitted an online authorization for a mortgage payment on or before the 16th day of the month (or the first business day thereafter if the 16th was a Sunday or a Bank holiday); and (iv) you were assessed a late fee for that online payment, which was not waived prior to March 11, 2015. A "mortgage loan," for purposes of the Class, is a closed-end loan secured by a borrower's home, and it does not include a home equity line of credit.

If you are not sure whether you are included in the settlement, call the Settlement Administrator at _____.

**THE SETTLEMENT BENEFITS**

### 6. What can I get from the settlement?

If the settlement is approved by the Court and becomes final, the settlement will provide benefits to Class members as described below.

- NYCB has identified 2,232 accounts with transactions that fall within the class definition, with $173,111 in late charges assessed for those transactions.
- NYCB will refund or waive all late charges assessed in transactions described by the class definition.
- NYCB will pay $100 to each Class member.

Settlement Checks will be issued and mailed to Class members if the Settlement is approved and after the time for any appeals has expired. Only one $100 Settlement Check will be issued for each identified mortgage loan account, regardless of the number of Settlement Class members who are or were borrowers or co-borrowers on that mortgage loan.

### 7. I want to be a part of the Settlement. What do I do?

If you want to be a part of the Settlement, you do not need to do anything. You will receive a refund or waiver of late fees for transactions within the class definition and a check for $100. Be sure to notify Class Counsel or the Settlement Administrator if your address changes.

### 8. When will I receive settlement benefits?

Payments will be mailed to Class members who do not request to be excluded after the Court grants "final approval" to the settlement and after any appeals are resolved. The final approval hearing is currently scheduled for April 20, 2016 (see the section "The Court's Fairness Hearing" below); however, there may be additional delays. Please be patient.

### 9. What am I giving up if I remain in the Settlement?

By staying in the Class and not excluding yourself from the Settlement, you will be considered a member of the Class and will be bound by all orders entered in the case. This means that if the Settlement becomes final, you give up your right to sue or file a lawsuit against NYCB, its corporate affiliates, subsidiaries, principals, and agents for anything related to NYCB's failure to timely credit your mortgage payments. The Settlement Agreement, available on the settlement website, provides more detailed information about the release and describes the released claims in accurate, legal terminology.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want to participate in the Settlement, but you want to keep your legal claims against NYCB about the issues in this case, then you must take steps to exclude yourself from the Class.

### 10. How do I get out of or exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a written request by mail stating that you want to be excluded from the Class in *Fridman v. NYCB Mortgage Company, LLC*, Case No. 1:13-cv-03094.

To be valid, a written request for exclusion must be personally signed by you and any co-borrower on your mortgage loan and must include: (1) your name(s) and address, (2) the name of this case *Fridman v. NYCB Mortgage Company, LLC*, Case No. 1:13-cv-03094; and (3) a sentence stating that you want to be excluded from the Class.

You must mail your exclusion request so that it is postmarked **no later than _____, 2016,** to the Settlement Administrator:

KCC Class Action Services, LLC
[address]

You may not exclude any other person within the Class from the Settlement.

### 11. If I exclude myself, what happens?

If you exclude yourself from the Class, you will not receive anything from the Settlement and you cannot object to it. You will keep any right to sue NYCB relating to the claims raised in this case, either on your own or as a part of a different lawsuit. If you ask to be excluded, you will not be bound by anything that happens in this lawsuit.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court has named Edelman, Combs, Latturner & Goodwin, LLC as lawyers to represent the Class ("Class Counsel"). You will not be charged for these lawyers' services; however, they will receive a payment as part of the Settlement in an amount not to exceed $180,000, subject to the Court's approval. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by **_____, 2016**.

### 13. How will the lawyers be paid?

From the start of the lawsuit in 2013 to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses. When they ask the Court to approve the settlement, they will also make a motion to the Court for an award of attorneys' fees and reimbursement of expenses, in a total amount not to exceed $180,000. Class Counsel will also ask the Court to approve an award of $5,000 for Elena Fridman, the Class Representative, for her help in bringing the lawsuit and reaching a settlement. Class Counsel's request for fees, costs and an award for the Class Representative will be available on the settlement website on _____, \_\_\_. Any amounts awarded by the Court for attorneys' fees and costs and the Class Representative will be paid separately by NYCB. Class Members do not have to pay anything toward the fees or expenses of Class Counsel or for the Class Representative.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

> 14. How do I tell the Court that I do not like the Settlement?

If you are a Class member, you can object to the Settlement in writing and/or by attending the Fairness Hearing. In order to object to the Settlement in writing, you must send a letter or legal brief stating that you object and the reasons why you think the Court should not approve the Settlement. Specifically, your objection must include: (1) your name, address and telephone number; (2) the name and number of the case: *Fridman v. NYCB Mortgage Company, LLC*, Case No. 1:13-cv-03094; (3) a statement that you are a Class member; and (4) the factual basis and legal grounds for your objection to the Settlement. You must mail your objection so that it is postmarked no later than _____, **2016** to each of the three addresses listed below**:**

1. The Court:

    Clerk of the Court
    United States District Court for the Northern District of Illinois, Eastern Division
    Everett McKinley Dirksen United States Courthouse
    219 South Dearborn St.
    Chicago, Illinois 60604

2. Class Counsel:

    Daniel A. Edelman
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    20 South Clark Street, Suite 1500
    Chicago, IL 60603
    Facsimile: (312) 419-0379
    E-Mail: info@edcombs.com
    E-Mail: charpie@edcombs.com

3. NYCB's Counsel:

    Victoria R. Collado
    Burke, Warren, MacKay & Serritella, P.C.
    330 N. Wabash Ave, 22nd Floor
    Chicago, Illinois 60611
    Facsimile: (312) 840-7900

Instead of, or in addition to, your written objection, you can come to the Fairness Hearing and express your objection to the Court in person.

**THE FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend the hearing if you wish, but you are not required to do so.

**Questions? Call Toll-Free 1-8\*\*-\*\*\*-\*\*\*\* or visit ########.com**

### 15. Where and when is the Fairness Hearing?

The Court will hold a Fairness Hearing on **April 20, 2016, 2016 at 9:30 a.m.** in the courtroom of the Honorable Geraldine Soat Brown, United States District Judge, 219 South Dearborn St, Courtroom 1812, Chicago, Illinois 60604. At the Fairness Hearing, the Court will determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. If there are objections, the Court will consider them. The hearing may be moved to a different date or time, so it is a good idea to periodically check the settlement website,_____, for updates. If you have not excluded yourself from the Settlement and wish to appear and/or speak at the Final Approval Hearing, whether personally or through a lawyer, then you must mail a Notice of Appearance to the Clerk of Court, at the address listed above, on or before **[Date of Deadline]**, and you must mail a copy of the Notice of Appearance to Class Counsel, and Counsel for NYCB at the addresses set forth in above by **[Date of Deadline]**.

### 16. Do I have to come to the Fairness Hearing?

No. Class Counsel will seek final approval of the settlement on behalf of all Class Members and will answer questions the Court may have, but you are welcome to come at your own expense. If you send a written objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. You are <u>not</u> required to attend the Fairness Hearing to be included in the Settlement.

### 17. What happens if the Court does not approve the Settlement?

If the Settlement is not finally approved, the case will proceed as if no settlement has been attempted or agreed-upon. There can be no assurance that if the Settlement is not approved, the Class will recover more than is provided in the Settlement.

### 18. Where can I get additional information?

This notice summarizes the proposed settlement. More details are in the settlement agreement. To obtain additional information, you can visit the settlement website _____.com which has a copy of the settlement agreement. You can also call the Settlement Administrator at 1-8**-****, or contact Class Counsel at (800)644-4673 or write to Class Counsel (Edelman, Combs, Latturner & Goodwin LLC) at the address set forth above.

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO</u>**

**<u>THE CLERK OF THE COURT, THE JUDGE, OR NYCB</u>**

**<u>THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.</u>**

## **CERTIFICATE OF SERVICE**

  I, Catherine C. Charpie, certify that on December 14, 2015, or as soon thereafter as service may be effectuated, I caused a true and accurate copy of the foregoing document to be filed via CM/ECF system, which will send notification of such filing to the following parties:

  Sara Youn Choh
  Burke, Warren, MacKay & Serritella
  330 N. Wabash Ave. 21st Floor
  Chicago, IL 60611
  (312) 840-7005
  Email: schoh@burkelaw.com

  Victoria R. Collado
  Burke, Warren, MacKay & Serritella, PC
  330 North Wabash
  22nd Floor
  Chicago, IL 60611-3607
  (312) 840-7048
  Email: vcollado@burkelaw.com

  Michael K. Daming
  The Wasinger Law Group, P.c.
  1401 S. Brentwood Blvd.
  Ste. 875
  St. Louis, MO 63144
  (314) 338-8303
  Email: mdaming@wasingerlawgroup.com

                s/Catherine C. Charpie
                Catherine C. Charpie

Daniel A. Edelman
Cathleen M. Combs
Catherine C. Charpie
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com